**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Tanja Gavrilovic</u>

  v.             Civil No. 05-mc-034-JM

<u>Worldwide Language Resources, Inc. and
REEP</u>

**O R D E R**

Defendant, Worldwide Language Resources, Inc. (hereinafter "Worldwide") moves to compel production of documents which it sought by subpoena from Russian and East European Partners, Inc. (hereinafter "REEP").

<u>Background</u>

Worldwide issued a subpoena <u>duces</u> <u>tecum</u> on June 30, 2005. On July 6, 2005, the subpoena was served on REEP's resident agent for service of process.  The subpoena sought twenty-eight categories of documents to be produced on July 20, 2005.  REEP did not comply on July 20th, did not seek a protective order within fourteen days of service, nor did it provide a written objection to providing any or all of the designated materials.

By letter of July 20, 2005 the resident agent, a lawyer, wrote defense counsel advising him that he thought the subpoena

was defectively served[1] but he was not representing REEP in any pending litigation.  By August 16, 2005, counsel for REEP was in contact with defense counsel concerning the subpoena.

One month late general objections were advanced that the requests were in some instances overly broad and burdensome, some lacked relevance, some sought confidential information and some were privileged.  None of the objections were specific to any request and no privilege log was produced.  In fact, no privilege log has ever been produced.

Counsel for REEP did promise production of documents responsive to paragraphs 3, 4, 14, 16, 20, 21, 22 and part of 28.  However, no documents had been produced as of the date of the motion.  The first complete written response to the subpoena came in the form of the objection to the motion.

A third party subpoenaed under the Federal Rules of Civil Procedure has essentially three choices:  (1) comply; (2) object within fourteen days; or (3) move to quash or modify the subpoena.  Fed. R. Civ. P. 45(c).  REEP has done none of the three.

---

[1] REEP has not pursued this claim recognizing, as it should, that under New Hampshire law service of a subpoena on the resident agent is appropriate and proper.

> Failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of the objections . . . (It) may not constitute a waiver of the objections if the court finds there are unusual circumstances and good cause for the failure.

9 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 45.04[2] (3d ed. 2004). REEP has not shown good cause for its excessively tardy objections nor has it shown any unusual circumstances. While some of its belated objections may have had merit were they timely advanced, they are simply too late and too little. There is no privilege log[2] of any kind and the relevance and burdensome objections are, at this juncture, simply a further effort to delay.

The motion to compel is granted. REEP and its corporate officers are ordered to comply with the subpoena in full within ten (10) days or be in contempt of court. Fed. R. Civ. P. 45(e).

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

---

[2] In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001) makes clear that "Rule 45(d)(2) . . . require(s) a party who asserts a claim of privilege to . . . describe the materials to which his claim adheres."

Date: November 8, 2005

cc:     Robert E. McDaniel, Esq.
        Jeffrey A. Meyers, Esq.