UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Tanja Gavrilovic

    v.                                    Civil No. 05-cv-428-PB

Worldwide Language Resources, Inc.

**REPORT AND RECOMMENDATION**

Defendant seeks a contempt order under Fed. R. Civ. P. 45(e) for an alleged failure by REEP, Inc. to comply with a subpoena and the court's order of November 8, 2005. REEP objects and requests sanctions.

Background

It is clear that there is a deep-seeded enmity between the principals of defendant and of REEP. Using the vehicle of a sexual discrimination/sexual harassment suit against it, defendant served a very broad subpoena on REEP's resident agent for service of process. Some of the documents sought are of questionable relevance. The subpoena called for production on July 20, 2005. Despite any legitimate objections it might have had, REEP (1) did not comply with the subpoena, (2) made no substantive objections, and (3) failed to seek a protective order by July 20th as required by the Federal Rules of Civil Procedure.

Although the resident agent is an attorney, in his July 20, 2005 letter complaining of defective service he makes it clear that he was not representing REEP as counsel with respect to the subpoena. A month late, on August 16, 2005, counsel for REEP orally asserted some general objections to the subpoena including that the discovery sought was burdensome, lacked relevance and sought privileged documents. No privilege log was produced. Furthermore, until the motion to compel was filed on October 21, 2005, REEP failed to produce a single responsive document despite its promise to produce documents responsive to request nos. 3, 4, 14, 16, 20, 21, 22 and part of 28.

The first written objections to the subpoena came in the form of the objection to the motion to compel – served a full four months after the date for production called for in the subpoena. While the Federal Rules make some provision for tardiness (see Fed. R. Civ. P. 6(b)) and while some tardiness, on motion, could have been excused, I deemed the four month delay as excessive and the objections as too little and too late. Therefore, the motion to compel was granted.

When my former law firm[1] appeared the file was transferred

---

[1]While I have not been a member of the firm since 1995, my estate planning counsel is a member of the McLane firm and I

2

to Judge Barbadoro to rule on the motion for reconsideration. While an objection to an order of a magistrate judge automatically transfers the file to an Article III Judge for ruling, (see Fed. R. Civ. P. 72(a) and (b)), a motion for reconsideration does not have that effect.  Judge Barbadoro denied the Motion for Reconsideration on December 8, 2005.  REEP in fact had produced 268 pages of documents and responded to the subpoena point by point contemporaneously with the filing of its motion for reconsideration.  After the denial of the motion for reconsideration, REEP produced another 3,300 pages of documents on December 29, 2005 thus complying with LR 37.1(b)'s requirement of production within ten (10) days.

    Defendant was subsequently given by an ex REEP employee four emails from the period June 16, 2003 to August 29, 2003.  These emails were between Brian Remmey and REEP's president and are responsive to the subpoena.  Despite the fact that New Hampshire counsel has appeared for defendant and that he is well aware of New Hampshire practice, he made no effort to telephone, email or mail REEP's counsel to determine why these responsive emails had not been produced.  Given the depth of the litigants' dislike for

---

obviously necessarily recuse myself from their cases.

each other, client pressure may be the reason for that failing of New Hampshire etiquette.  However, there is <u>no</u> excuse for defense counsel's failure to comply with LR 7.1(c).  Defense counsel neither contacted REEP's counsel nor filed the required certification.

Had defense counsel followed the courtesies of New Hampshire practice or, at least the Local Rules of this court, he would have found out that REEP did not have possession of these documents and therefore could not produce them.  <u>See</u> unrefuted affidavit of Kenneth E. Fortune.  Document no. 9.1.  The computer and server that had once contained them were no longer available to REEP.  The motion for contempt is without any basis.  It was also filed in violation of LR 7.1(c).  I therefore recommend that the motion for contempt (document no. 7) be denied.  REEP is entitled to recover its reasonable fees incurred in objecting to the motion for contempt since the motion is without merit and was filed without the consultation mandated by the rules.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of</u>

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   April 18, 2006

cc:     Thomas J. Donovan, Esq.
        Robert E. McDaniel, Esq.
        Jeffrey A. Meyers, Esq.
        Alexander J. Walker, Esq.